CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE VA
FILED

DEC 12 2007

JOHN F. CORCORAN, CLERK.
BY /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

CHRISTOPHER L. JONES,  )   CASE NO. 4:07CV00020
                                      )
    Plaintiff,                 )
                                      )
v.                                    )   REPORT AND RECOMMENDATION
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )   By: B. Waugh Crigler
                                      )        U. S. Magistrate Judge
    Defendant.                 )

      This challenge to a final decision of the Commissioner which denied plaintiff's

September 30, 2004 claims for a period of disability, disability insurance benefits and

supplemental security income benefits under the Social Security Act (Act), as amended, 42

U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. §

636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings,

conclusions and recommendations for the disposition of the case.  The questions presented are

whether the Commissioner's final decision is supported by substantial evidence, or whether there

is good cause to remand for further proceedings.  42 U.S.C. § 405(g).  For the reasons that

follow, the undersigned will RECOMMEND that an Order enter AFFIRMING the

Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment,

and DISMISSING this case from the docket of the court.

      In a decision eventually adopted as a final decision of the Commissioner, an

Administrative Law Judge (Law Judge) found that plaintiff had an alleged disability onset date of

October 14, 2002[1], had not engaged in significant gainful activity during the relevant time period,

---

      [1]In his applications, plaintiff alleged a disability onset date of October 14, 2002.  (R. 17,
73, 360, 379.)  At his hearing, he amended the date to November 1, 2004.  (R. 379.)

and was insured for benefits through March 31, 2007. (R. 17, 19.) The Law Judge determined that his discogenic/degenerative back disorder status post back surgery was a severe impairment, but viewed alone or in combination with his other impairments, was not severe enough to meet or equal any listed impairment. (R. 19-20.) The Law Judge further determined that although plaintiff's medically determinable impairment could be expected to generally produce the alleged symptoms, his statements concerning the intensity, duration and limiting effects of these symptoms were "not entirely credible." (R. 21.) The Law Judge found that plaintiff, a younger individual[2], retained the residual functional capacity ("RFC") to perform sedentary work with the ability to lift/carry ten pounds frequently and twenty pounds occasionally; stand/walk and sit for at least two to four hours in an eight-hour workday; and push/pull occasionally. (*Id.*) The Law Judge also found that he needed to avoid postural activities (climbing, balancing, stooping, kneeling, crouching and crawling) and concentrated exposure to vibration, heights, and moving machinery. (*Id.*) The Law Judge determined that plaintiff needed to have a sit/stand option. (*Id.*) The Law Judge concluded that although this RFC precluded plaintiff from performing his past relevant work[3], there was a substantial number of jobs in the national economy that he could perform[4]. (R. 22.) Thus, the Law Judge ultimately found that he was not disabled under the Act. (R. 23.)

_____

[2]At his hearing before the Law Judge, plaintiff testified that he was thirty-seven years old. (R. 397.) Under the regulations an individual less than fifty years old is a "younger person." 20 C.F.R. §§ 404.1563(c), 416.963(c).

[3]The Law Judge noted that plaintiff's past relevant work included work as a forklift operator, auto technician, tire changer, and laborer. (R. 22.)

[4]The Law Judge opined that plaintiff could work as a cashier and an order clerk. (R. 23.)

2

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 6-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In a brief filed in support of his motion for summary judgment, plaintiff initially contends that the Law Judge failed to give proper weight to his treating physician, Lawrence F. Cohen, M.D. (Plaintiff's Brief, pp. 6-8.) Specifically, plaintiff contends that the Law Judge failed to give proper weight to Dr. Cohen's November 17, 2004 assessment, which included an opinion that his condition could reasonably be expected to cause significant pain which causes an interruption in activities and/or concentration. (Pl's Brief, p. 6.) Plaintiff concludes that because the RFC finding failed to include this pain limitation, this finding is not supported by substantial evidence. (Pl's Brief, p. 8.)

It is well-established that as a general rule greater weight should be given to the opinions of the claimant's treating physician. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). However, the Law Judge may choose to give these opinions less weight when there is persuasive evidence to the contrary. *Hines v. Barnhart*, 453 F.3d 559, 563 n.2 (4th Cir. 2006); *Hunter,* 993 F.2d at 35.

Dr. Cohen, a spine surgeon, performed a physical limitations assessment on November 17, 2004. (R. 357-359.) In that assessment, Dr. Cohen found that plaintiff could lift twenty pounds; stand and/or walk two to four hours in an eight-hour workday; sit two to four hours in an eight-hour workday; and could sit up to two hours without interruption. (R. 357.) Dr. Cohen also found that plaintiff could frequently perform the following manipulations: reaching in all

3

directions (including overhead), handling (gross manipulation), fingering (fine manipulation), and feeling (skin receptors). (R. 358.) The physician determined that plaintiff had the following environmental limitations: heights, moving machinery, and vibration, but that he was not limited with regard to temperature extremes, chemicals, dust, noise, fumes, and humidity. (*Id.*) Dr. Cohen concluded that although his condition could reasonably be expected to cause significant pain which results in an interruption of activities and/or concentration, he does not have a medical condition which could be expected to require unpredictable and/or lengthy periods of rest during the day, and he does not have a medical condition for which elevation of a lower extremity would be medically indicated occasionally during the workday. (R. 359.) Ultimately, Dr. Cohen opined that plaintiff was *capable of performing sedentary work.* (*Id.*)

Plaintiff's argument is focused on his allegation that his back pain is so excruciating that it impedes his ability to perform substantial gainful activity. The record does not support this argument. For example, the record reveals that prior to his January 9, 2006 surgery by Francis H. Shen, M.D., plaintiff's doctors repeatedly described his treatment as "conservative." (R. 208, 211, 212, 246, 275, 304, 343, 347.) As far as medication, he was taking *no pain medication at all* on January 5, 2005, February 14, 2005, May 26, 2005, October 3, 2005, and January 3, 2006.[5] (R. 245, 258, 265, 274, 295.) On July 29, 2005, November 10, 2005 and January 9, 2006, plaintiff was taking only over-the-counter pain medication. (R. 240, 306, 343.)

Plaintiff's primary treating physician most recently has been Dr. Shen, a specialist in

---

[5]These are the only records the undersigned can definitively say reveal plaintiff was not taking any pain medication. However, at the same time, the undersigned notes that there are numerous records regarding treatment for his back impairment which don't state any pain medication was being taken or that any was prescribed.

4

orthopedic surgery at the University of Virginia. Dr. Shen's records are inconsistent with plaintiff's contention that he suffers disabling pain which prevents him from performing substantial gainful activity. For instance, on July 29, 2005, Dr. Shen opined that "as far as disability goes, I do not think there would be any reason *I would ever say he could not pursue some gainful employment* [.]" (R. 240 (emphasis added).) Dr. Shen also opined that if surgery were pursued, it would be to improve his symptoms to allow him to work. (*Id.*) On November 10, 2005, Dr. Shen noted that plaintiff was taking only over-the-counter pain medication, he did not request any pain medication, and he was not prescribed any pain medication. (R. 306.) Dr. Shen's notes from that date state that "[a]s far as work, I again stressed with [plaintiff] that *there would be no point that I would ever feel that he couldn't do some degree of gainful employment.*" (R. 306 (emphasis added).)

The opinions of the record reviewing physicians are consistent with those of Drs. Cohen and Shen and further support the Law Judge's finding that plaintiff can perform a limited range of sedentary work. J. Astruc, M.D. and James R. Wickham, M.D., both opined that plaintiff's RFC allowed him to perform a limited range of light work.[6] (R. 213-219.) Thus, the undersigned concludes that the Law Judge's finding that plaintiff can perform a limited range of sedentary work is supported by substantial evidence.

Next, plaintiff contends that the Law Judge erred in finding that his statements concerning the intensity, duration and limiting effects of his symptoms were "not entirely credible." (Pl's Brief, pp. 11-12.) Specifically, plaintiff argues that the Law Judge erred by

---

[6]If a claimant can perform light exertional work, he or she can also perform sedentary work. 20 C.F.R. § 404.1567(b).

basing this finding on the fact that he is able to perform various activities of daily living such as dressing himself, showering, using a TV remote, using eating utensils, and pushing buttons on a telephone. (Pl's Brief, p. 11.) Finally, plaintiff argues that the Law Judge erred in discounting his subjective complaints because the opinions of his treating physicians corroborate his complaints. (Pl's Brief, p. 12.) The undersigned disagrees and finds that the Law Judge's credibility finding is supported by substantial evidence.

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig v. Chater,* 76 F.3d 585, 591 (4th Cir. 1996); *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

Again, plaintiff's primary treating physicians referred to the treatment he received prior to the January 9, 2006 surgery as "conservative," and the medical records reflect that plaintiff often took no pain medication at all or relied solely on over-the-counter pain medications. Moreover, at his February 16, 2006 hearing before the Law Judge, plaintiff testified that his back pain is less than it was prior to his surgery.[7] (R. 406-407.) This evidence certainly provides facts upon which the Law Judge could discount plaintiff's claims that he suffers disabling pain.

The Law Judge's credibility finding is also supported by the opinions of the record reviewing physicians. Dr. Astruc concluded that, based on plaintiff's described activities of daily living, the fact that he did not require an assistance device to ambulate and the conservative

---

[7]As predicted by Dr. Shen, surgical intervention improved his symptoms and, ultimately, his ability to work. (R. 240.)

6

nature of his treatment, his statements regarding his limitations were only "partially credible." (R. 218.) Dr. Wickham found that based on the objective medical evidence, plaintiff's allegations of limitation were exaggerated, and as such, he was only "partially credible." (R. 219.)

Finally, plaintiff argues that the Commissioner failed to meet his burden of proving that there is other work available to him in the national economy. (Pl's Brief, pp. 9-11.) Specifically, he contends that the hypothetical presented to the vocational expert ("VE") did not reflect Dr. Cohen's finding that his pain prevents him from attending to tasks on a regular basis with a reasonable amount of accuracy. (Pl's Brief, pp. 10-11.) Further, plaintiff contends that the VE testified that the jobs he had proposed would not be available to a person with these pain limitations. (Pl's Brief, p. 11.)

Contrary to plaintiff's argument, Dr. Cohen did not opine that plaintiff's pain was severe enough to prevent him from attending to tasks on a regular basis with a reasonable amount of accuracy. Actually, Dr. Cohen found that plaintiff experienced pain which could be expected to cause an interruption in his activities and/or concentration. (R. 359.) This does not suggest that the level of interruption expected is so severe that it would prevent him from performing tasks on a regular basis with a reasonable degree of accuracy. In fact, Dr. Cohen opined that plaintiff was capable of performing sedentary work. (*Id.*) Thus, the Law Judge's finding that there were other jobs available to plaintiff in the national economy is supported by substantial evidence.

For these reasons, it is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

7

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
                    U.S. Magistrate Judge

_____
Dec 12, 2007
Date

8