IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER L. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 4:07CV00020<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>    Senior United States District Judge |

Before me is the Report and Recommendation ("Report") of the United States Magistrate Judge recommending that the Commissioner of Social Security's ("Commissioner") final decision denying Christopher L. Jones's ("Plaintiff") claim for benefits be affirmed. The Plaintiff filed objections to the Report and the Commissioner filed a response. I reviewed the Magistrate Judge's Report, the Plaintiff's objections, the Commissioner's response, and relevant portions of the Record. The matter is now ripe for decision. For the reasons stated below, I will ADOPT the Magistrate Judge's Report and REJECT the Plaintiff's objections.

I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Magistrate Judge's Report explains the background of this case in sufficient detail, and I need not repeat it here. Plaintiff's objections are threefold: 1) That the ALJ did not properly explain his decision with regard to the exertional limitations; (Pl. Obj. 2.) 2) That the ALJ did not properly explain his decision with respect to non-exertional limitations; (Pl. Obj. 3.) and 3) That the ALJ improperly substituted the treating physician's opinion on sedentary work for that of the vocational expert. (Pl. Obj. 5.)

1

## II. STANDARD OF REVIEW

Congress limits judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision when: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g) (2003); *see also, Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Fourth Circuit has further defined substantial evidence as being more than a scintilla but less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The regulations charge the Commissioner of Social Security with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404, 1545 (2006); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then this Court must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642.

## III. DISCUSSION

Initially, in evaluating Plaintiff's claims of disability, the ALJ properly used the five step analysis found in 20 C.F.R. § 404.1520(a) (2006). Under that test, the ALJ first determined that Plaintiff had not been performing substantial gainful activity. (R. at 19.) If he had, he would not

have qualified as disabled under the regulations. 20 C.F.R. § 404.1520(b) (2006). The ALJ then determined that Plaintiff suffers from several severe back impairments. (R. at 19–20.) If not, then he could not have established a disability. 20 C.F.R. § 404.1520(c) (2006). The ALJ then determined that the impairment did not meet or equal a listed impairment in Appendix 1 of 20 C.F.R. § 404, Subpart P. (R. at 20–21.) Therefore, the ALJ was required to determine Plaintiff's residual functioning capacity[1] ("RFC") and if, based on that capacity, he could return to his prior work. 20 C.F.R. §§ 404.1520(e)–(f) (2006). The ALJ found that Plaintiff retained the residual functional capacity to perform sedentary activity. (R. at 21.) Plaintiff would be unable to return to his prior work. (R. at 22.) However, considering his age, education, experience, and RFC, there are many jobs available that he can perform. (R. at 22–23.) Therefore, he is not disabled. (R. at 23.)

Plaintiff's first objection is that the ALJ failed to adequately explain his reasons underlying the RFC determination with regard to exertional limitations. Specifically, the ALJ found:

> As set out in a Physical Limitations Assessment by treating physician Dr. Cohen dated November 17, 2005, the claimant has the ability for a limited range of sedentary work, with the ability to lift/carry 20 pounds; stand/walk approximately least 2-4 hours, and sit approximately 2-4 hours out of an 8-hour workday; with pushing/pulling occasionally, and prohibitions on other postural activities; and he has environmental restrictions on heights, moving machinery, and vibration.

(R. at 20.) The ALJ also relied on similar findings by Dr. Fernandez, the consultative examiner. *Id.* These opinions supported the ALJ's final determination that Plaintiff could perform sedentary work, including "stand/walk at least 2-4 hours, and sit at least 2-4 hours out of an 8-

---

[1] "Residual Functional Capacity" is defined as the most an individual can do after considering the relevant impairments. 20 C.F.R. § 404.1545 (2006).

hour workday." (R. at 21.)

Plaintiff's objection primarily relies on the fact that the description above of Dr. Cohen's findings is a slight mischaracterization. In fact, Dr. Cohen found that out of an eight-hour day, Plaintiff could stand and/or walk "2 to **less than** 4 hours," and sit "2 to **less than** 4 hours." (R. at 357 (emphasis added).) This minor inconsistency is insufficient to overturn a decision otherwise based on substantial evidence. The ALJ also relied heavily on Dr. Fernandez's evaluation, which stated that "the claimant should be able to stand and walk four to six hours and sit four to six hours in an eight-hour day." (R. at 145.) This finding is also supported by Plaintiff's own answers to the daily activities questionnaire and by the observations of the Social Security Administration employee. (R. at 21–22.) Therefore, I find that substantial evidence supports the ALJ's determination on this point.

Plaintiff's second objection is that the ALJ did not properly discuss the non-exertional limitations in Dr. Cohen's assessment. Dr. Cohen checked "Yes" to the statement "[t]his patient has a medical condition which reasonably could be expected to cause significant pain which results in interruption of activities and/or concentration." (R. at 359.) This is not a statement about Plaintiff specifically, but simply a possible effect of his condition. This is not independently so relevant a statement as would require the ALJ to signal it out. *Stewart v. Apfel*, 1999 WL 485862, \*\*4 (4th Cir. Jul. 12, 1999). The ALJ discusses the non-exertional limitations in explaining that Plaintiff "was noted to have no difficulty hearing, reading, understanding, concentrating, or answering." (R. at 22.) This is supported by substantial evidence including Dr. Shen's conclusion that there would be no point that Dr. Shen "would ever feel that [Plaintiff] couldn't do some degree of gainful employment." (R. at 20.) Therefore, the ALJ committed no

4

error with regard to this issue.

Plaintiff's final objection is that the ALJ substituted Dr. Cohen's and Dr. Shen's statements about Plaintiff's work capacity for that of the vocational expert. In fact, the ALJ states:

> **Based on the testimony of the vocational expert**, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functioning capacity, the claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

(R. at 23 (emphasis added).) Clearly, Plaintiff's objection fails. The vocational expert's testimony supports the conclusion reached by the ALJ based on the RFC as found. (R. at 418.)

## IV. CONCLUSION

For reasons stated herein, I will ADOPT the Magistrate Judge's Report and REJECT the Plaintiff's objections. I will GRANT Defendant's Motion for Summary Judgment. The Clerk will be directed to send this Opinion and the accompanying Order to all counsel of record, and to DISMISS the case from the docket of this Court.

Entered this 4th day of March, 2008.

s/Jackson L. Kiser
Senior United States District Judge

5